# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES FREDERICK, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 08-140-JHP-KEW |
| MIKE MULLLIN, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma, challenges the execution of his 50-year sentence for First Degree Rape in Tulsa County District Court Case No. CF-86-2147. He alleges he has been prevented from working on the farm crew and earning additional credits that would discharge his sentence, and the Sex Offender Registration Act was used in an ex post facto manner to keep him from working on the farm crew.[1]

The respondent alleges petitioner has failed to exhaust his state judicial remedies. The record shows that petitioner exhausted his state administrative remedy when he was denied relief on September 1, 2006. He then filed a state habeas corpus petition, which was denied

---

[1] Petitioner also raises a claim of defamation concerning a document filed by the State's attorney in the state court proceedings, but this issue may not be raised in a habeas corpus case. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)).

on January 3, 2008. *Frederick v. Mullins*, No. WH-06-1308 (Muskogee County Dist. Ct. Jan. 3, 2008). The state district court found the petition was frivolous with no reasonable basis in law or fact, because "inmates do not have any right to a prison job or earned credits and habeas corpus may not be used to interfere with the management of prisons." *Id*., slip op. at 2 (citing Okla. Stat. tit. 57, § 566.A). On February 7, 2009, petitioner appealed to the Oklahoma Court of Criminal Appeals, but the appeal was dismissed as untimely. *Frederick v. Mullins*, No. HC-2008-107 (Okla. Crim. App. Feb. 26, 2008) (citing Rule 10.1(C), *Rules of the Okla. Ct. of Crim. App.*, Tit. 22, Ch. 18, App. (2008)). According to the respondent, petitioner has not sought permission to file an appeal out of time, pursuant to Rule 2.1(E) of the *Rules of the Okla. Ct. of Crim. App.*, so he has not exhausted his remedies.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). "In order to fully exhaust state court remedies, a state's highest court must have had the opportunity to review the claim raised in the federal habeas petition." *Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999) (citations omitted).

It is unclear, however, whether Oklahoma allows an appeal out of time for a state habeas corpus action. Under Rule 10.6 of the *Rules of the Okla. Ct. of Crim. App.*, tit. 22, Ch. 18, App., once the Oklahoma Court of Criminal Appeals "has rendered its decision on

an extraordinary writ, that decision shall constitute a final order. A petition for rehearing is not allowed. . . ." The respondent's case citations do not concern habeas corpus petitions, and Rule 2.1(E) does not address appeals out of time for habeas corpus cases.

The respondent also argues petitioner's action is procedurally barred, because he failed to comply with the procedural requirements for appealing his state habeas case.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Oklahoma Court of Criminal Appeals denied relief for petitioner's failure to comply with procedural rules. This is an independent and adequate state ground that bars federal habeas review. *See id.*

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* 501 U.S. at 753 (emphasis in original). Here, the court finds that application of the procedural bar by the Court of Criminal Appeals was based on state procedural rules, and petitioner has not shown cause for his default. Having failed to demonstrate cause for his procedural default, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993). Furthermore, he has not shown that failure to consider his claims will result in a fundamental miscarriage of justice.

**ACCORDINGLY,** the respondent's motion to dismiss [Docket #9] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 23rd day of March 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma